# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

BEN A. THOMAS, INC.,

                Debtor.

Case No. A04-00716-DMD
Chapter 7

**Filed On 3/31/06**

## MEMORANDUM REGARDING SETTLEMENTS

Ben Thomas, Inc. ("BTA") worked as a logger for Afognak Native Corporation ("ANC") for nearly a decade. The logging was very unprofitable and BTA incurred millions of dollars in unpaid liabilities through its operations. BTA was placed in involuntary bankruptcy. Larry Compton, BTA's Chapter 7 trustee, seeks to settle his claims with ANC and certain Trust creditors in a complex arrangement. Two of the debtor's shareholders object to the settlements.

There are two settlements proposed, each dependent on the other. The first settlement is between the trustee and ANC. The trustee has succeeded to the debtor's claims against ANC. He asserted a claim for $382,507.00 against ANC in *Trustees of Tongass Timber Trust Fund, et al. v. Afognak Native Corporation, et al.*, Adv. Case No. A04-90047-DMD. That claim has little merit. ANC has asserted an unsecured claim of $700,000.00 in the bankruptcy case. The claim consists primarily of environmental remediation costs associated with BTA's logging activities, attorney's fees and a variety of other charges. Under the settlement, ANC's claim would be reduced to $550,000.00 and the estate's claim against ANC would be dismissed with prejudice. ANC would retain the right to supplement

its claim under three circumstances.[1] Because of the settlement, ANC would be able to tap a $1 million escrow for payment of its $550,000.00 claim. The escrow was established with proceeds from the sale of real property encumbered to ANC and formerly owned by shareholders. The escrow is not property of the estate.

The second settlement is with the Trust creditors ("the Trusts"). The Trusts include the Trustees of the Tongass Timber Trust Fund, the Alaska Loggers Association Retirement Plan Trust Fund and the Alaska Forest Association, Inc. The Trusts have agreed to dismissal of their adversary action in return for allowance of their unsecured claims in reduced amounts. Their unsecured claims against the estate will be reduced by $66,365.00 under the settlement. Additionally, ANC's claim for Rule 82 attorney's fees against the Trusts will be dismissed.

> In approving a settlement, the court should consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.[2]

The bankruptcy estate's probability of success in the litigation is low. The trustee and his attorney have thoroughly and exhaustively analyzed the estate's claims. I concur in their analysis that the estate's chance of prevailing in the litigation is slim. While collection is not

---

[1] ANC could supplement its claim for: (1) environmental remediation expenses (including transportation costs) associated with the removal of BTA's former housing trailers on Afognak Island; (2) third party claims actually asserted against ANC that were not previously filed; (3) any claim relating to the costs and fees of ANC in realizing upon the First American Escrow Agreement.

[2] *Martin v. Kane (In re A & C Properties)*, 784 F. 2d 1377, 1381 (9th Cir. 1986).

2

an issue, because of ANC's counterclaims and set-off rights, the litigation is very complex. It involves multiple parties with a myriad of conflicting claims. There is great expense, delay and inconvenience attending this litigation. Finally, the BTA creditors' interests will not be served by continuing the litigation.

The shareholders contend that the settlements are "fundamentally unfair" and should be disallowed. They question the attorney's fees component of the settlement which totals $173,000.00. They allege that the remediation estimates of $316,000.00 are old and do not represent ANC's actual costs. As an alternative, they would allow attorney's fees against the Trusts in an amount to be determined by the court. They would have the trustee assign his claims against ANC to the shareholders. ANC and the trustee would then allow or disallow ANC's claims as they saw fit.

Their alternative is good for the shareholders but of no real value to the estate. The trustee seeks to end litigation, not continue it. He is trying to resolve matters expeditiously, not prolong them indefinitely solely for the benefit of the shareholders. The trustee's settlement extricates the estate from contentious and complex litigation. The shareholders' alternative does not accomplish that goal.

It is unfortunate that shareholders gave ANC security for the debtor's obligations under the logging contracts. It is also unfortunate that the debtor failed to remediate logging sites on Afognak Island and otherwise perform its contractual obligations to ANC. ANC has viable claims against the estate, however, and the trustee desires to settle them. I will allow him to do so.

3

For the foregoing reasons, the trustee's motion to approve settlement agreements will be granted.  An order will be entered consistent with this memorandum.

DATED: March 31, 2006.

BY THE COURT


/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge


Serve: B. Edwards, Esq.
C. Christianson, Esq.
E. LeRoy, Esq.
J. Sleeper, Esq.
U. S. Trustee
    3/31/06

4